UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LORI VRANISH,

              Plaintiff,          :

                                 Case No. 2:26-cv-71
      v.                      Chief Judge Sarah D. Morrison
                                 Magistrate Judge Kimberly A.
                                 Jolson

GULFPORT APPALACHIA, LLC,    :

              Defendant.

## OPINION AND ORDER

Lori Vranish, an alleged owner of certain mineral rights in Monroe County, Ohio, filed this action against Gulfport Appalachia, LLC, the operator of two oil and gas units overlaying a pool that includes the property to which Ms. Vranish claims an interest. Ms. Vranish alleges Gulfport has not properly paid her for her share in those units and brought four state-law claims in Monroe County, Ohio Court of Common Pleas. Gulfport removed to this Court. (ECF No. 1.)

Gulfport has filed a Partial Motion to Dismiss Count I for quiet title and Count II for breach of contract. (Mot., ECF No. 7.) Ms. Vranish responded (Resp., ECF No. 10), and Gulfport replied (Reply, ECF No. 11). For the reasons below, the Motion is **GRANTED**.

## I.    BACKGROUND

Ms. Vranish is a one-third owner of the mineral rights underlying 7.89 acres in Monroe County, Ohio. (Compl., ¶¶ 5–6, ECF No. 1-1.) She has not leased those mineral rights for production. (*Id.*, ¶ 14.)

In 2023, Gulfport applied to the Ohio Department of Natural Resources ("ODNR") for statutory unitization of two units, each including a portion of Ms. Vranish's property. (*Id.*, ¶¶ 9–11.) ODNR subsequently granted Gulfport's application and issued unitization orders for the Westhawk II Unit and Westhawk III Unit. (*Id.*, ¶ 12.) Under the unitization orders, Gulfport is obliged to pay a monthly cash payment based on the gross proceeds from production to each unleased mineral rights owner. (*Id.*, ¶¶ 15–17.)

According to Ms. Vranish, Gulfport has failed to abide by the unitization orders because it has not paid her the 12.5% gross revenue interest to which she is entitled. (*Id.*, ¶ 23.) In September 2025, she sent a demand letter to Gulfport outlining her claims. (*Id.*, ¶ 22.) Gulfport did not respond so she filed suit. (*Id.*, ¶ 28.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted

> unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly,* 550 U.S. at 555.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In reviewing a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff[.]" *DirecTV, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). Additionally, in reviewing such a motion a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

## III.    ANALYSIS

### A.      Count I: Quiet Title

Gulfport argues that Ms. Vranish has failed to state a claim for quiet title because it does not claim any interest in her alleged mineral rights. (Mot., PAGEID # 226.)

"In Ohio, the resolution of ownership rights in real property is governed by R.C. 5303.01," known as a quiet title action. *Oro Cap. Advisors, LLC v. Borror Constr. Co., LLC*, No. 2:19-cv-5087 and 2:20-cv-4894, 2022 WL 3026862, *3 (S.D. Ohio Aug. 1, 2022) (Marbley, J.) (citation omitted). A quiet title action "may be

brought by a person in possession of real property … against any person who claims an interest therein adverse to [that person], for the purpose of determining such adverse interest." Ohio Rev. Code § 5303.01. At bottom, "[t]he purpose of any quiet-title action is to conclusively determine the allocation of property interests." *Oro Cap. Advisors, LLC*, 2022 WL 3026862, at *3 (citation omitted). "It follows then that a prerequisite of such actions is that the adverse party must claim an adverse interest in the property." *Id.* at *4.

Ms. Vranish alleges that Gulfport "has claimed or may claim an interest in and to [the at-issue mineral rights] that is adverse to [Ms. Vranish's] current interest in the same." (Compl., ¶ 34.) That said, she does not identify Gulfport's purported interest. Rather, she argues that Gulfport's interest stems from the unitization orders. (*Id.*, ¶¶ 11–12.) But under Ohio law, "no order providing for unit operations shall be construed to result in a transfer of all or any part of the title of any person to the oil and gas rights in any tract in the unit area." Ohio Rev. Code § 1509.28(M). Put another way, "statutory unitization leaves each landowner's property interest in the minerals intact," and does not itself create an adverse interest. *Paczewski v. Antero Res. Corp.*, No. 18 MO 0016, 2019 WL 2722600, *8 (Ohio App. Ct. June 19, 2019).

Accordingly, because Gulfport has not claimed to have an adverse interest in the at-issue mineral rights, the Motion is **GRANTED** as to Count I.

4

### B. Count II: Breach of Contract

Gulfport argues it does not have a contract with Ms. Vranish, so she has failed to state a claim for breach of contract. (Mot., PAGEID # 228.)

There are three classes of contracts recognized under Ohio law: express, implied in fact, and implied in law. *Legros v. Tarr*, 540 N.E.2d 257, 263 (Ohio 1989). An express contract requires "an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." *Minster Farmers Coop. Exch. Co., Inc. v. Meyer*, 884 N.E.2d 1056, 1061 (Ohio 2008) (citation omitted). Mutual assent is "expressed in offer and acceptance," or a meeting of the minds. *Legros*, 540 N.E.2d at 263. In a contract implied in fact, "the meeting of the minds … is shown by the surrounding circumstances which made it inferable that the contract exists as a matter of tacit understanding." *Id*. In a contract implied in law, "there is no meeting of the minds, but civil liability arises out of the obligation cast by law upon a person in receipt of benefits which he is not justly entitled to retain and for which he may be made to respond to another in an action in the nature of assumpsit." *Id*.

Ms. Vranish alleges that she is in a binding agreement with Gulfport "as evidenced by and embodied in the [unitization orders.]" (Compl., ¶ 41.) But ODNR's unitization orders are not a contract. Statutory unitization, as set forth in Ohio Rev. Code § 1509.28, is a "statutory right of the [State of Ohio], in the exercise of its police power, to allow the unitization" of land. *Chervenak Fam. Trust v. Ascent Res. – Utica, LLC*, No. 25CA00033, 2026 WL 734980, *4 (Ohio App. Ct. Mar. 16, 2026). It

5

is a part of ODNR's "sole and exclusive authority to regulate … [oil and gas] production operations within the state." Ohio Rev. Code § 1509.02. And "where an agency is charged with enforcement of certain laws, these laws do not confer upon an individual the right to bring a private civil action absent a 'clear implication' that such a remedy was intended by the legislature." *W. Rsrv. Care System v. Masters*, Nos. 97 CA 95, 97 CA 104, 1999 WL 783951, *3 (Ohio App. Ct. Sept. 28, 1999). With no such implication here, Ms. Vranish is not entitled to treat an alleged breach of ODNR's unitization orders as though it were a breach of a privately enforceable contract.

Accordingly, because no contract exists between Ms. Vranish and Gulfport, the Motion is **GRANTED** as to Count II.

## IV. CONCLUSION

For the above reasons, Gulfport's Partial Motion to Dismiss (ECF No. 7) is **GRANTED**. Counts I and II of Ms. Vranish's Complaint are **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE
UNITED STATES DISTRICT COURT**

6